## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 7 |
| LISA A. GARRETT | |
| DANIEL L. GARRETT, | |
| | Case No. 17-40064 |
| Debtor(s). | |

### OPINION

This matter is before the Court on a Motion for Entry of an Order Pursuant to 11 U.S.C. §

362(d) Authorizing Relief from the Automatic Stay (I) to Allow Civil Litigation to Proceed and

(II) to Effectuate a Setoff Against Debtors Pursuant to Section 553(a), filed by JK Capital, Inc.,

JK Products & Services, Inc., JK North America, Inc., and Mister Tan Enterprises, Ltd. (the "JK

Parties"). The Debtors oppose granting relief to effectuate a setoff, asserting that there can be no

setoff of a discharged debt under 11 U.S.C. § 553(a). For the reasons set forth below, the Court

finds that setoff is permissible under the facts of this case.[1]

### FACTS

The material facts in this matter are not in dispute. The Debtors filed for relief under

Chapter 7 of the Bankruptcy Code on January 31, 2017. The Debtors scheduled their counter

claim against the JK Parties in the District Court litigation as a potential asset on Schedule B of

their bankruptcy petition. The Debtors also listed the JK Parties as unsecured creditors on

Schedule F.

---

[1] On June 26, 2017 the Court granted relief from the automatic stay, allowing the parties to proceed with litigation pending in the United States District Court for the Southern District of Illinois styled as *JK Capital, Inc. v. Sun Angels Tanning Salon, Inc., Daniel I. Garrett, Lisa A. Garrett, Daniel Tondini and Linda Tondini* ( Case No. 3:16-cv-01161-NJR). The Chapter 7 Trustee had no objection to the relief being granted.

On May 25, 2017, the Chapter 7 Trustee filed an Application to Employ Attorney Specially in which she sought to retain the law firm of Kenneth A. Leeds, PC to represent the bankruptcy estate in the District Court litigation. The Chapter 7 Trustee has asserted that she now owns and has the sole authority to prosecute the District Court litigation on behalf of the Debtors' bankruptcy estate. The Chapter 7 Trustee's Application to Employ Kenneth A. Leeds, PC was granted in open Court on June 26, 2017, absent objection by any party.

In their original complaint in the District Court litigation, the JK Parties asserted a claim for breach of a commercial equipment lease, naming the four individual Defendants as guarantors of the lease. The Defendants in the District Court litigation jointly filed an answer and counterclaim against the JK Parties. The Defendants also jointly filed an amended third party Complaint against the JK Parties. The counterclaim and amended third party complaint are premised on the allegation that the District Court Defendants were fraudulently induced into entering into the subject equipment lease and related guarantees.[2] The JK Parties seek to set off the amount of any potential judgment for the Debtors under their counterclaim and amended third party complaint against the amount of the JK Parties' claim against the Debtors.

<u>DISCUSSION</u>

At the outset the Court must determine whether the Debtors' have standing to object to the JK Parties' request to effectuate a setoff. The circumstances under which parties have standing to participate in bankruptcy proceedings are limited compared to those which are sufficient to establish Article III standing. *In re Andreucetti*, 957 F.2d 416 (7th Cir. 1992). To have standing to object to an order of the bankruptcy court, a party must be "directly and

---

[2] On September 7, 2017, the Debtors and the JK Parties stipulated that the validity and amount of Proof of Claim No. 14 filed by the JK Parties will be determined in the District Court litigation. The hearing set on the Debtors' Objection to Proof of claim No. 14 was cancelled. There are to be no further proceedings in this Court to determine the validity or amount of the claim.

adversely affected pecuniarily (sic)" by the order. *Depoister v. Mary M. Holloway Found,* 36 F.3d 582, 585 (7th Cir. 1994); *Andreucetti* at 416 ( quoting *In re Fondiller,* 707 F.2d 441, 442 (9th Cir. 1983)). The general rule is that chapter 7 debtors lack standing to object to orders of the bankruptcy court relating to estate property because the filing of the bankruptcy petition extinguishes any pecuniary interest the debtors formerly had in property of the estate. *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 692 (7th Cir. 1992); *In re Laux,* 181 B.R. 61 (Bankr.S.D. Ill. 1995).

There is an exception to the general rule that debtors lack standing to object to bankruptcy court orders in chapter 7 cases. Chapter 7 debtors do have standing to object or appeal bankruptcy court orders where it can be shown that a successful objection could result in a surplus in the bankruptcy estate that would inure to the benefit of the debtors. See *In re Adreucetti,* 975 F.2d at 417, *In re El San Juan Hotel,* 809 F.2d 151 (1st Cir. 1987). Debtors seeking to raise this exception must show that such a surplus is a reasonable possibility. A theoretical chance of a surplus in the estate is not sufficient and as with all matters of standing, the burden falls on the debtors to provide some evidence from which the Court can infer the reasonable possibility of a surplus in the estate. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130 (1992).

The Debtors' counterclaims and third party complaint in the District Court litigation are the subject of the request for setoff in this case. The Debtors in the instant case have not provided any evidence to establish that there is even a remote possibility of a surplus in the bankruptcy estate should the counterclaims and third party complaint be successful, let alone a reasonable possibility of a surplus. A review of the claims register in this case reveals that there are unsecured claims in excess of $255,000.00. Debtors' schedules show total assets of $125,530.00

and secured claims in excess of $90,000.00 against those assets. Given these undisputed facts, the counterclaims and third party complaint in the District Court will have to be very successful in order to provide any surplus for Debtors' personal benefit. Accordingly, the Debtors lack standing to object to the JK Parties' request to effectuate a setoff.

Assuming *arguendo* that the Debtors have standing to object, the Court will consider the Debtors' substantive argument against the right of setoff under the facts of this case.

Section 553 of the Bankruptcy Code provides that "this title does not affect any right of a creditor to offset a mutual debt owing to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a). The United States Supreme Court held in *Citizens Bank of Maryland v. Stumpf,* 516 U.S. 16, 18, 116 S. Ct. 286 (1995) that " The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding  the absurdity of making A pay B when B owes A." Setoff under §553(a) does not eviscerate the debt of either the creditor or the debtor but allows the court to net the pre-petition mutual debts between the two parties. *In re Bridge Information Systems, Inc.*, 314 B.R. 421, 432 (Bankr. E.D. Mo. 2004).

In order to establish a right to setoff, the creditor must establish the following three elements: 1) A debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case; 2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; 3) the debt and the claim are mutual obligations. *Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1035 (5th Cir. 1987). The Debtors in the instant case do not dispute that the three required elements have been established under the undisputed facts. Rather, the Debtors argue that the JK Parties cannot set off their

potential debt to Debtors against a debt that has been discharged under Chapter 7 of the Bankruptcy Code.

In support of their argument, the Debtors cite *In re Johnson*, 13 B.R. 185  (Bankr. M.D. Tenn. 1981) and *In re Carlyle*, 242 B.R. 881 (Bankr. E.D. Va. 1999). In reviewing these cases, this Court finds that while they require a fourth element to establish the right to setoff, they do not expressly hold that the discharge of a claim as to debtors renders setoff unavailable. Both *Johnson* and *Carlyle* require that the claim and debt be valid and enforceable in addition to the three elements required under *Braniff Airways* supra. at 1035, but they do not hold that discharge of a creditor's claim is an absolute bar to the right of setoff. In fact, setoff was permitted in *Carlyle*. The claim in *Carlyle* was found to be enforceable against the bankruptcy estate even though the debtor had received a discharge. In *Johnson*, the court held that the debt in question could not be offset against the debtor post-discharge when the debtor's claim arose under a federal statute due to the policy underlying the statute. See *Johnson* at 188. Russell J. Davis, Annotation, <u>Right to Set Off Debt Discharged in Bankruptcy Against Claim Brought under Truth in Lending Act (15 U.S.C.A. §§ 1601 et seq.)</u>, 43 A.L.R. 413 (1979). The facts of *Johnson* are clearly distinguishable from the instant case. *Johnson* involved a post-discharge Truth in Lending Act cause of action and is simply not applicable to the issues before the Court in the instant case. In this case, Debtors' claims in the District Court litigation do not arise out of a federal statute seeking to penalize or remedy any actions or inactions by the JK Parties. Rather, Debtors' counter claims and third party actions in the District Court litigation arise out of a contractual dispute relating to the Debtors' guaranty of a lease of tanning beds that arose prior to commencement of these bankruptcy proceedings.

Due to the fact that the Debtors' cause of action for fraud in the District Court became an asset of the bankruptcy estate, the Trustee stands in the shoes of the Debtors to pursue the cause of action. The JK Parties have a right to set off their estate claim against any recovery from the estate's pursuit of the cause of action for fraud. No violation of the discharge injunction is occurring under this scenario.

There can be no doubt that the counterclaims and third party complaint in the District Court litigation are property of the bankruptcy estate. See 11 USC § 541(a)(1). As stated above, the Chapter 7 Trustee has employed counsel to litigate the District Court action on behalf of the bankruptcy estate. The Chapter 7 Trustee is now the proper party in interest in the District Court litigation and the Chapter 7 Trustee has not objected to the JK Parties' setoff request.

Furthermore, it has been previously held in this District that "The discharge of a debt in a bankruptcy proceeding does not affect the creditor's right to setoff, provided that the right of setoff existed at the time the bankruptcy petition was filed." *In re Eggemeyer*, 75 B.R. 20 (Bankr. S.D. Ill. 1987) (citing *In re Conti*, 50 B.R. 142 (Bankr. E.D. Va. 1985) and *In re Handy*, 41 B.R. 172 (Bankr. E.D. Va. 1984)). There is no question that the right of setoff in this case existed at the time that Debtors filed their bankruptcy petition.

Cases that have addressed this issue recognize that there is tension between the right to setoff under 11 USC § 553 and the discharge injunction under 11 USC § 524(a)(2) but they reason that where a creditor's use of § 553 is defensive, as in the instant case, the spirit of § 524 (a)(2) is not violated. *In re Ford,* 35 B.R. 277 (Bankr.N.D. Ga. 1983) citing *In re Slaw Construction Corp.,* 17 B.r. 744 (Bankr.E.D.Pa. 1982). As long as the three elements necessary for a setoff have been established, a creditor can exercise setoff to protect itself defensively. *Reich v. Davidson Lumber Sales, Inc., Employees Retirement Plan,* 154 B.R. (D.Utah 1993). The

Debtors are not being pursued personally in this case. The use of setoff only affects the recovery by the bankruptcy estate.

CONCLUSION

In conclusion, the Court finds that the JK Parties have established their right to set off any potential debt to the Debtors as determined in the District Court litigation against the JK Parties claim filed  in Debtors' bankruptcy proceeding. The amounts and validities of the debt and claim are to be determined by the District Court as agreed by the parties.

SEE WRITTEN ORDER


ENTERED: September 21, 2017

/s/ Laura K. Grandy
_____
**UNITED STATES BANKRUPTCY JUDGE/6**